J-S41004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SHAKIYA K. BROWN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARY J. RANDOLPH | : | No. 337 WDA 2023 |

Appeal from the Order Entered March 8, 2023
In the Court of Common Pleas of Westmoreland County
Domestic Relations at No(s): 1402 DR 2022

BEFORE:  PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED: January 26, 2024**

Shakiya K. Brown ("Mother") appeals from the order striking her request for a *de novo* hearing, following the denial of Mother's request for child support for her minor child ("Child") from Mary J. Randolph (paternal "Grandmother"). In striking Mother's request for a *de novo* hearing, the trial court found Mother failed to provide a clear basis upon which Grandmother was responsible for support. As we find Mother has waived her issue raised on appeal, we affirm.

On December 7, 2022, following a custody conciliation conference, the trial court entered an order granting Mother sole legal custody and primary physical custody. In the same order, the trial court granted Grandmother partial physical custody.

---

[*] Former Justice specially assigned to the Superior Court.

On December 21, 2022, Mother filed a complaint for support against Grandmother for Child. In the complaint, Mother argued Grandmother is liable for child support because Grandmother "is acting as a parent" and "invaded or continues to invade a stable family unit." Complaint for Support, 12/21/22, at ¶ 9 (citing to **A.S. v. I.S.**, 130 A.3d 768 (Pa. Super. 2015)).

On January 17, 2023, following a support conference, the trial court entered an order dismissing the complaint for support without prejudice, based on its finding that Grandmother is not liable to support Child. Mother soon thereafter requested a *de novo* hearing on her petition for support. A hearing was scheduled for April 14, 2023.

Grandmother filed a motion to strike the request for a *de novo* hearing, arguing that Mother failed to state a basis upon which Grandmother is liable for child support. Grandmother also argued she is not a parent of Child and a support order has already been entered against Child's biological father (Grandmother's son), who does owe a duty of support. The trial court subsequently granted Grandmother's motion to strike the request for a *de novo* hearing and canceled the scheduled hearing. This timely appeal followed.

Preliminarily, we must address the discrepancy between the claims raised in Mother's 1925(b) concise statement and the issue Mother raises in her appellate brief. It is well-established that any issue not raised in a Rule 1925(b) concise statement will be deemed waived for appellate review. **See**

***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998); ***Commonwealth***

***v. Smith***, 304 A.3d 35, 39 (Pa. Super. 2023).

In her 1925(b) concise statement,[1] Mother asserted the following

claims:

> 10) The [trial court] erred because it failed to allow for the creation of a proper record for the court to determine whether [Grandmother] was acting as a parent and continued to be in loco parentis to [Child].
>
> 11) Nonetheless, because [Grandmother] had primary physical custody of [Child], for more than a year, it is undisputed that she was in loco parentis until [Child] was returned to his mother's custody.
>
> 12) It was only after a twenty-two-day custody trial that [Child] was reunited with his mother.
>
> 13) Because [Grandmother] was in loco parentis she had the same rights and duties as a parent including the obligation of child support as set forth in the child support law.
>
> 14) To this date and given no further order of Court denying [Grandmother] her standing as in loco parentis, [Grandmother] remains in loco parentis to [Child].
>
> 15) Because [Grandmother] remains in loco parentis to [Child] she continues to have same duties as a parent including the requirement that she pay child support according to the support law.
>
> 16) Because the law views [Grandmother] as a parent, she has a duty of child support owed to [Mother].

_____

[1] Mother titled her concise statement "Appellant's 1925(a)(2) statement" and purported to be filing the statement pursuant to Pa.R.A.P. 1925(a)(2). Section 1925(a)(2) governs children's fast track appeals. This matter has not been certified as a children's fast track. Rather, Mother's statement should be filed pursuant to 1925(b). As this error does not affect the substance of her concise statement, it does not affect our review.

17) The Court erred when it determined otherwise and this error merit's reversal by the appellate court.

*Concise Statement*, at ¶ 10-17. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion, in which it addressed Mother's belief that Grandmother's duty of support stems from her *in loco parentis* status. The court found this claim was easily resolved, stating Grandmother has never been found to stand *in loco parentis* to Child. Rather, according to the trial court, the trial court and others have found the contrary – that Grandmother specifically lacks *in loco parentis* standing pursuant to 23 Pa.R.C.P. § 5324(2).

In her appellate brief, Mother abandons her *in loco parentis* argument. In fact, Mother concedes Grandmother "does not have and could never have *in loco parentis* status" to Child. *Appellant's Brief*, at 4. However, Mother now argues Grandmother has a duty to pay child support to Mother "when under the totality of the circumstances she acted as a *de facto* parent for [Child] for a period of two years eight months until [Child] was returned to his mother's care by the February 9, 2022, order of Court." *Id*. at 2. Mother's argument is that Grandmother owes an ongoing duty of support based on Grandmother previously having custody of Child between May 2019 until February 2022.

Mother argues that in holding that Grandmother could never legally be *in loco parentis* to Child, the trial court missed the "gravamen" of Mother's argument. *Id*. at 4. Mother then cites to ***Caldwell v. Jaurigue***, 140 EDA 2022, 287 A.3d 836 (Pa. Super. filed 10/5/2022) (unpublished

memorandum), a non-precedential memorandum decision of this Court, in which we held that a stepparent who had sought and obtained custody of a child pursuant to *in loco parentis* standing, had an obligation to pay child support to the biological parent.[2] Mother argues:

> the **Caldwell** holding does not set a bright line rule where *in loco parentis* status determines whether a parent may receive child support from a third party, rather it requires an analysis of the totality of the circumstances to decide whether a third party owes a duty of support to a parent.

Appellant's Brief, at 4.[3]

We are constrained to find Mother's claim on appeal is waived as it was not included in the concise statement. **See Lord**, 719 A.2d at 309. Mother's assertion that the trial court missed the "gravamen" of her argument is incorrect. The trial court properly addressed the specific issue raised and preserved by Mother in her concise statement, which exclusively focused on Mother's belief that Grandmother had *in loco parentis* status, and that status

---

[2] Under amended Pa.R.A.P. 126, non-precedential decisions are not binding but may be cited as "persuasive" authority. **See** Pa.R.A.P. 126(b)(2) (stating that unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

[3] We note that Mother seems to misinterpret our holding in **Caldwell**. In **Caldwell** we made clear that this Court has repeatedly found that *in loco parentis* status **on its own** is insufficient to hold a third party liable for support. **See Caldwell**, 140 EDA 2022, at 3, 6. However, it is nevertheless still an important initial factor in the process of determining if a third party is liable for child support. The inquiry simply does not end there. Once *in loco parentis* status is established, other factors are then considered to determine if a duty of child support is proper under the circumstances.

alone was the basis of a support obligation. Mother never once cited to **Caldwell** or its reasoning in any part of her concise statement. That claim was raised for the first time before this Court. As such, it was not preserved.

Even if not waived for the above reason, the issue would also be waived due to failure to properly develop the issue and due to the state of the record.

"When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." **Commonwealth v. Delligatti**, 538 A.2d 34, 41 (Pa. Super. 1988).

Mother fails to refer to any part of the certified record for her arguments. A brief must provide citation to the record when "reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record[.]" Pa.R.A.P., Rule 2119(c). In her brief, Mother alludes to the trial court's decision to award custody to Grandmother in May 2019 and the impact of a 22-day custody trial on Mother regaining custody.

Upon review, it is clear the brief not only fails to provide any citation to the record, but the record itself is entirely devoid of any documentation from the relevant time frame.

> [I]t is an appellant's duty to ensure that the certified record is complete for purposes of review. In addition, our Court has stated a [f]ailure to ensure that the record provides sufficient information to conduct a meaningful review constitutes waiver of the issue sought to be reviewed.

*Commonwealth v. Lopez*, 57 A.3d 74, 82 (Pa. Super. 2012) (citation and internal quotation marks omitted).

The certified record provided to this Court only includes documentation from December 2022 to April 2023. As such, we are unable to verify anything that occurred in the extensive history of this case prior to December 2022. Importantly, Mother's argument on appeal relies entirely on the custody of Child between May 31, 2019, and February 9, 2022. The entirety of this timeframe is missing from the certified record. As such, we are unsure how we could properly address Mother's issue even if she had preserved it.

It is clear there was an extensive 22-day custody trial in this matter which led to the issues raised in this appeal. Accordingly, the transcripts must be voluminous. However, the certified record is entirely devoid of any transcripts. While Mother notes that the court's findings of fact following the trial are incorporated within the reproduced record, no copy of these findings or any other documentation related to the trial is included in the certified record. We refuse to act as counsel for Mother and acquire this transcript only to have to comb through the lengthy record.

In conclusion, Mother's failure to provide citations to the record would hinder our ability to review the issue presented on appeal. *See Commonwealth v. Harris*, 979 A.2d 387, 393 (Pa. Super. 2009) ("When an allegation is unsupported by any citation to the record, such that this Court is prevented from assessing this issue and determining whether error exists, the

allegation is waived for purposes of appeal"); *see also Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa. Super. 2007) (making it clear that we "shall not develop an argument for [an appellant], nor shall we scour the record to find evidence to support an argument[.]").

As we find Mother has waived her issue on appeal, we are constrained to dismiss the appeal and affirm the order striking Mother's request for a *de novo* hearing.

Order affirmed. Jurisdiction relinquished.

President Judge Emeritus Stevens joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

1/26/2024